**WO**                                                                                                       SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Philip Thomas Coble, | ) | No. CV 09-8021-PCT-MHM (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Gary H. Butler, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Philip Thomas Coble, who is confined in the Arizona State Prison Complex, Special Management Unit I, Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.)[1] The Court will order Defendants Butler, Davis, Reynolds, Duran, and Burke to answer Count IV of the Complaint and will dismiss the remaining claims without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $15.83. The remainder of the fee will be

---

[1] Plaintiff previously filed another case concerning his incarceration in the Navajo County Jail, Coble v. Navajo County Sheriff's Office, CV 08-8058-PCT-MHM (LOA), which was dismissed for failure to state a claim on August 22, 2008.

**TERMPSREF**

collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III.   Complaint**

Plaintiff alleges four counts for violation of due process in assigning him to a maximum security unit, unconstitutional conditions of confinement, violation of mail privileges and religious rights, and denial of visitation. He sues the Navajo County Sheriff Gary H. Butler and the following employees of the Navajo County Sheriff's Office (NCSO): Commander D.C. Davis and Lieutenants Reynolds, Duran, and Burke. Plaintiff seeks declaratory, compensatory, and punitive relief.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.    Count I**

In Count I, Plaintiff alleges that as a pretrial detainee, he was placed in a maximum

security pod without a hearing in violation of his due process rights. A pretrial detainee is entitled to due process before being subjected to punishment, whether for the crime with which he is charged or for violation of jail disciplinary rules. See Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996).

In this case, Plaintiff alleges that he was assigned to the maximum security unit based on the nature of his charges. Because his assignment to the unit was not intended as punishment for the offense with which he was charged or for disciplinary violations, Plaintiff was not entitled to due process prior to placement and Count I fails to state a claim.

**B.     Count II**

In Count II, Plaintiff alleges that "Defendants and their employees" withheld, confiscated, and returned religious mail to or from Plaintiff's pastor. He alleges that Defendants Davis, Duran, and Butler all "concur[r]ed" with how Plaintiff's mail was handled.

An inmate retains First Amendment rights not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system. See Shaw v. Murphy, 532 U.S. 223, 231 (2001); Clement v. California Dep't of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004). Inmates thus retain a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1999). Jail personnel, however, may regulate speech if a restriction is reasonably related to legitimate penological interests and an inmate is not deprived of all means of expression. Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (citing Turner v. Safley , 482 U.S. 78, 92 (1986)). Jails and prisons may regulate the processing of inmate mail so long as those regulations further an important or substantial government interest other than the suppression of expression. See Procunier v. Martinez, 416 U.S. 396, 411-12, 413-14 (1974) (First Amendment not violated by regulation of outgoing prisoner mail which furthers a substantial government interest and is no greater than necessary to protect that interest), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 412-414 (1989)). The First Amendment also prohibits government interference with the free exercise of religion. U.S. Const. amend. I. Nevertheless, free exercise rights

are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." O'Lone v. Shabazz, 482 U.S. 342, 348 (1987).  To establish a First Amendment free exercise violation, a plaintiff must show that the religious practice at issue satisfies two criteria: (1) the "proffered belief must be sincerely held" and (2) "the claim must be rooted in religious belief, not in 'purely secular' philosophical concerns." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (internal citations omitted); Shakur, 514 F.3d 878, 885 (9th Cir. 2008).

Plaintiff makes vague and conclusory assertions that jail officials interfered with mail to and from his pastor. Plaintiff sets forth no facts to support that any correspondence from him to his pastor, or anyone else, was impeded by jail officials, including when, how, and by whom. As to incoming mail, Plaintiff fails to allege the frequency with which mail from his pastor was withheld, confiscated, or returned to sender, and by whom. Plaintiff also fails to allege there was a policy, practice or custom of impeding delivery of mail, religious or otherwise. Absent such allegations, the concurrence of Davis, Duran, and Butler in how mail was handled fails to support that they endorsed, condoned, or implemented a mail policy that interfered with Plaintiff's First Amendment rights. For these reasons, Plaintiff fails to state a claim in Count II.

### C.     Count III

In Count III, Plaintiff alleges that as a pretrial detainee, he was denied contact visitation with family and friends. Inmates do not have a constitutional right to unfettered visitation. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). Further, prisoners do not have a right to contact visitation. Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (*per curiam*); Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1987). Even a blanket prohibition of contact visitation between pretrial detainees and their families is constitutionally sound. Block v. Rutherford, 468 U.S. 576 (1984). Accordingly, Plaintiff cannot state a claim based on denial of contact visitation and Count III will be dismissed.

/ / /

TERMPSREF

- 4 -

## V.  Claims for Which an Answer Will be Required

In Count IV, Plaintiff alleges the following facts. While Plaintiff was a pretrial detainee, he was held in H-Pod, a special management unit at the Navajo County Jail. Plaintiff was confined for more than eight months with lights on 24 hours a day. Further, only during his recreation time, which was a total of three hours a week, could he shower; shave; make telephone calls; have access to writing materials; and read or write correspondence. Further, during his recreation time, he was handcuffed and shackled with only a towel to wear. Following every recreation period, Plaintiff was strip searched and his pod searched for contraband, including pencils, papers (legal or otherwise), shampoo, his Bible, and a blanket. Plaintiff was also provided only "finger foods" to eat and denied use of eating utensils. Plaintiff alleges that he informed Sheriff Butler, Reynolds, Burke, Davis, and Duran about these conditions, but they failed to take corrective action. He contends the conditions caused him to be placed on medication to treat his sleeping and behavioral problems resulting from these conditions. Liberally construed, Plaintiff sufficiently states a claim for unconstitutional conditions of confinement while he was a pretrial detainee. Defendants will be required to respond to Count IV of the Complaint.

## VI.  Warnings

### A.  Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.  Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. #3.)

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $15.83.

(3)  Counts I, II, and III are **dismissed** without prejudice.

(4)  Defendants Butler, Davis, Reynolds, Duran, and Burke must answer Count IV.

(5)  The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc.# 1), this Order, and both summons and request for waiver forms for Defendants Butler, Davis, Reynolds, Duran, and Burke.

(6)  Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 17th day of March, 2009.

_____
Mary H. Murguia
United States District Judge